**Kalowale SANUSIAKA, Petitioner,**

v.

**Alberto GONZALES, United States Attorney General, Respondent.**

No. 02–4819.

United States Court of Appeals, Second Circuit.

June 1, 2005.

Parker Waggaman, Parker Waggaman, P.C., New York, NY, for Appellant.

F. Franklin Amanat, Assistant United States Attorney, Eastern District of New York, Brooklyn, N.Y. (Roslyn R. Mauskopf, United States Attorney, Eastern District of New York and Steven Kim, Assistant United States Attorney, on the brief), for Appellee.

Present: MINER, POOLER, Circuit Judges, and BLOCK, District Judge.*

### SUMMARY ORDER

Kalowale Sanusiaka petitions for review of an order of the Bureau of Immigration Appeals that affirmed without opinion an order of an immigration judge ordering Sanusiaka's removal after denying his request for asylum, withholding of removal, and relief under the Convention Against Torture. Both on appeal to the BIA and before this court, Sanusiaka has limited his request for review to the denial of his request for asylum. We assume the parties' familiarity with the facts, underlying proceedings, and specification of appellate issues and hold as follows.

(1) In order to be granted asylum, an alien must prove that he suffered past persecution or has a well founded fear of future persecution. *E.g. Diallo v. INS,* 232 F.3d 279, 284 (2d Cir.2000). The immigration judge correctly found that Sanusiaka met neither burden because (1) his testimony at trial was internally inconsistent as to the date of the alleged sole incident of persecution and conflicted in several major and material respects with statements he made in his application for asylum and a supplement to that application and (2) his testimony also conflicted materially with statements from his father and another purported witness. *See Zhang v. U.S. INS,* 386 F.3d 66, 77 (2d Cir.2004) (holding that material discrepancies are adequate support for an adverse credibility finding).

(2) The immigration judge did not make an error of law that would require us

* The Honorable Frederic Block, of the Eastern District of New York, sitting by designation.

to vacate and remand. *See Qiu v. Ashcroft,* 329 F.3d 140, 149 (2d Cir.2003). Sanusiaka's claim that the IJ incorrectly held that he described only one incident that could be deemed persecution lacks merit. Sanusiaka did describe only one specific incident although he claimed without any supporting detail that other incidents occurred. Sanusiaka contends correctly that the immigration judge appears to have overlooked an affidavit from his father who claimed that Sanusiaka had been cut on the leg during a religious riot. However, because this affidavit in most of its major detail is inconsistent with Sanusiaka's account, the immigration judge's failure to consider it does not require remand.

We therefore deny Sanusiaka's petition for review.